**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| 80 ACRES URBAN AGRICULTURE, INC., *et al.*,[1] | Case No. 26-11324 (__) |
| Debtors. | |

# GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

80 Acres Urban Agriculture Inc. ("80 Acres") and its debtor affiliates in the above-captioned chapter 7 cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The Debtors have historically prepared consolidated periodic financial statements in accordance with generally accepted accounting principles ("GAAP"). The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a standalone, unconsolidated basis. The financial information contained in the Schedules and Statements is limited in scope, covers a limited time period, has

1 The affiliated Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: 80 Acres Florence LLC (2212); 80 Acres Urban Agriculture, Inc. (4582); Lactuca Atlanta, LLC (7188); Lactuca Denver, LLC (4156); Lactuca Holdings, LLC (0793); Lactuca Houston, LLC (2627); SG Assets LLC (7580); ShenGrow, Inc. (5816); Soli Organic, Inc. (1303); Trellis Loop Atlanta I, LLC (3459); Trellis Loop Florence I, LLC (4582); and Trellis Loop Hamilton, LLC (3076).

2 These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared any portion of the Global Notes with respect to any individual Debtor's Schedules and Statement and not to those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such portion of the Global Notes to any of the Debtors' other Schedules and Statements, as appropriate.

been prepared solely for the purpose of the Debtors' compliance with disclosure obligations as debtors under chapter 7 of the Bankruptcy Code, and is presented on a preliminary and unaudited basis. As such, the Schedules and Statements have not been subject to procedures that would typically be applied to financial statements prepared in accordance with generally accepted accounting principles ("GAAP") or any other accounting standards, nor do the Schedules and Statements include all of the information and notes required by any such accounting standards. Upon the application of such standards, the financial information could be subject to changes, which could be material. These Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial and other data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, the authorized signatory has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses and the limited resources available to the Debtors at the time these Schedules and Statements were prepared, each authorized signatory has not (and, practically, could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditors' addresses.

Disclosure of information in one or more of the Schedules, one or more of the Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

4. **Description of the Debtors' Chapter 7 Cases**. The Debtors commenced their voluntary cases under chapter 7 of the Bankruptcy Code on August 25, 2026 (the "Petition Date").

5. **Methodology**.

a. **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, but have provided financial information for each Debtor entity for the purpose of reporting their Schedules and Statements. Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that may be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to reconcile fully to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors have attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, due to limitations within the Debtors' accounting systems and the resources available to the Debtors at the time of the preparation of these Schedules and Statements, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Additionally, assets, liabilities, or cash disbursements inadvertently may have been omitted from the Schedules and Statements.

b. **Reporting Date**. Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records (i) for fixed asset and other asset-related data from the Debtors' balance sheet as of July 4, 2026; (ii) for cash as of August 25, 2026; (iii) for liability data as of August 4, 2026; and (iv) for accounts receivable, as of July 30, 2026.

c. **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to concerns about the privacy of the Debtors' employees and vendors (e.g. home addresses). The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.

d. **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records. The Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.

Prior to the Petition Date, the Debtors and certain non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") in the ordinary course of business, which resulted in intercompany receivables and payables (the "Intercompany Claims"). The Debtors maintain records of the Intercompany Claims and Intercompany Transactions. Intercompany Claims as of the Petition Date are not reflected in Schedule A/B and Schedule E/F because such Intercompany Claims could not be easily or efficiently disaggregated for such reporting.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and is not an admission or concession by the Debtors as to the amount, allowance, characterization, classification, or validity of such account.

e. **Duplication**. Certain of the Debtors' assets, liabilities, prepetition payments, and executory contracts or unexpired leases may properly be disclosed in response to multiple parts of the Schedules and Statements. To the extent these disclosures would be duplicative, the Debtors have determined in certain instances to only list such assets, liabilities, and prepetition payments once. In other instances, the same assets, liabilities, prepetition payments, and executory contracts or unexpired leases inadvertently may be listed more than once.

f. **Currency and Foreign Currency Conversion**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

g. **Setoffs**. The Debtors routinely incur setoffs in the ordinary course of business that arise from various items including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, refunds, and negotiations, and/or other disputes or reconciliation activities between the Debtors and their customers or vendors. In accordance with Debtors' agreements with their vendors and other contract counterparties, these amounts may be set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners. Certain of these ordinary-course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

h. **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules. In the ordinary course of

business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third party lessors for use in the daily operation of their business. Any outstanding prepetition obligations under such agreements that are known to the Debtors have been included in Schedule E/F. Due to the exigent circumstances surrounding the commencement of these chapter 7 cases, the Debtors were unable to compile a complete schedule of executory contracts and unexpired leases to which any Debtor is a party. Accordingly, although the Debtors have made reasonable best efforts to list all known unexpired leases on Schedule G, few executory contracts have been included in Schedule G. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is unexpired, a true lease, a financing arrangement, or a real property interest).

i. **Liens**. The inventories, property, and equipment included in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

j. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may differ materially from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt issued by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules may include each Debtor's guarantee obligations, or, where a Debtor's guarantee obligations are contingent on the primary obligor's satisfaction of the guaranteed debt, such amounts may exclude the Debtor's undetermined guarantee obligations.

k. **Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims ("Guarantees") in their secured financings, debt instruments, leases, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedules of liabilities for the affected Debtor or Debtors. The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, leases, and other such agreements on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, leases, and other agreements inadvertently may have been omitted.

l. **Unliquidated Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

m. **Undetermined Amounts**. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

n. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, and taxes are set forth in the amounts entered in the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.

o. **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim set forth in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates set forth in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

p. **PACA Liabilities**. In the ordinary course of business, certain of the Debtors purchased perishable agricultural commodities from dealers ("PACA Vendors") recognized under the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a *et seq.* ("PACA"). PACA Vendors generally assert that they preserve their rights as a beneficiary of the statutory trust (the "PACA Trust") created by PACA § 5(c) and that certain of the Debtors' inventories, products derived therefrom, proceeds of sale, and accounts receivable constitute PACA Trust assets held in trust for the benefit of the PACA Vendors pending payment of associated liabilities to the PACA Vendor (the "PACA Liabilities").

**Specific Schedules Disclosures**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

**Part 1 – Cash and Cash Equivalents**

**Schedule A/B 3 – Checking, Savings, or Other Financial Accounts, CDs, etc.** Schedule A/B 3 lists bank account balances as of August 25, 2026.

**Part 2 – Deposits and Prepayments**

a. **Schedule A/B 7 – Deposits**. The Debtors maintain certain deposits in the ordinary course of business. These deposits are included in the Schedules for the appropriate



4924-8148-5767.6 00172.00001

legal entity at net book value as of July 4, 2026. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.

b. **Schedule A/B 8 – Prepayments**. The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have made commercially reasonable efforts to report the current value of any prepayments as of July 4, 2026. The Debtors may have inadvertently omitted prepayments and conversely may have reported prepayments that are no longer outstanding.

**Part 3 – <u>Accounts Receivable</u>**

**Schedule A/B 11 – Accounts Receivable**. The Debtors' accounts receivable information set forth in Schedule A/B 11 includes receivables from the Debtors' customers, vendors, or third parties as of July 30, 2026. The accounts receivable balances in this section exclude intercompany receivables.

**Part 4 – <u>Investments</u>**

**Schedule A/B 15 – Investments**. Schedule A/B 15 includes the Debtors' wholly-owned subsidiary entities which are directly owned by each Debtor entity. Subsidiaries owned indirectly by a Debtor are not included. Values of the ownership interests in subsidiaries included in Schedule A/B 15 have been set forth at undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Part 8 – <u>Machinery, Equipment, and Vehicles</u>**

The Debtors' accounting systems, policies, and practices historically have recorded (and continue to record in the ordinary course of business) certain fixed assets in the Debtors' books and records on a combined basis, including certain leasehold improvements (including mechanical equipment), construction in process, machinery, and other equipment. All of these items are included in Schedule A/B 50 as "other equipment." Dollar amounts are presented net of accumulated depreciation and other adjustments. Actual realizable values of the assets identified may vary significantly relative to net book values presented here.

**Part 10 – <u>Intangibles and Intellectual Property</u>**

Part 10 of Schedule A/B identifies the various patents, trademarks, internet domain names, websites, customer lists, and goodwill owned and maintained by the Debtors. The Schedules may not set forth the value of such intangible assets as no recent appraisals have been performed. Various software licenses the Debtors use for its operations, which are easily obtainable and hold minimal value, are not included. Various intellectual property licenses granted to the Debtors by customers in connection with the Debtors' production operations are not included.

**Part 11 – All Other Assets**

**Schedule A/B 71 – Notes Receivable**. 80 Acres Florence LLC was formed for the purpose of purchasing and leasing certain equipment to its affiliate Trellis Loop Florence I, LLC. The project costs were partially refinanced through financing subsidized by federal New Markets Tax Credits made available under Section 45D of the Internal Revenue Code of 1986 (the "NMTC Financing"). As part of the NMTC Financing, Truist Community Capital made an equity investment in its wholly-owned subsidiary 80A Florence Investment Fund, LLC, a Georgia limited liability company (the "Investment Fund"). 80 Acres made a leverage loan to the Investment Fund in the approximate amount of $7,668,000.00.

**Schedule A/B 72 – Tax Refunds and Unused Net Operating Losses (NOLs)**. The Debtors' net operating losses are reflected in the books and records of Debtor 80 Acres on a consolidated basis as such entity is the consolidated corporate tax filer for the Debtors.

**Specific Notes Regarding Schedule D**

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

The Debtors and their professionals have not conducted lien searches shortly before the Petition Date. Accordingly, there may be UCC-1 financing statements filed with respect to the Debtors or their property that are not reflected hereon.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been included on Schedule D.

**Specific Notes Regarding Schedule E/F**

a. **Part 1 – Creditors with Priority Unsecured Claims**. The Debtors have not historically and do not now maintain records of any claims entitled to priority under the Bankruptcy Code in the ordinary course of business. The inclusion of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.

   Certain tax claims owing to various taxing authorities may be subject to ongoing audits. Accordingly, the amounts of many, if not all, of the tax claims set forth in Schedule E/F, Part 1 remain uncertain, and the Debtors have set forth all such claims as undetermined in amount, pending resolution of ongoing audits or other outstanding issues.

b. **Part 2 – Creditors with Nonpriority Unsecured Claims**. The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records as of

August 3, 2026 *except* that the Debtors have removed PACA Liabilities (as defined in Global Note 2(p) and discussed therein) that were settled between August 3, 2026 and the Petition Date. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented in Schedule E/F, Part 2. For example, certain invoices may have been received by the Debtors but not processed by the Debtors, and thus are not reflected in Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. The Debtors have made reasonable efforts to attribute the liabilities set forth in Schedule E/F to the rightful Debtor; however, in some instances, a liability listed against one Debtor may, in fact, lie against another.

In many cases, the claims set forth on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome, costly, and inefficient, the Debtors have not listed a specific date or dates for such claim. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.

Information regarding pending or threatened litigation involving the Debtors is set forth as undetermined in amount and as contingent, unliquidated, and disputed.

**<u>Specific Notes Regarding Schedule G</u>**

As noted above, due to the circumstances preceding the Petition Date, the Debtors have not been able to compile a comprehensive list of all executory contracts and unexpired leases to which a Debtor is a party. Accordingly, although the Debtors have made reasonable best efforts to list all known unexpired leases on Schedule G, few executory contracts have been included in Schedule G.

The contracts, agreements, and leases set forth on Schedule G may have expired or may have been amended, modified, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be included in Schedule G. Certain leases included in Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not independently set forth on Schedule G. Further, unless otherwise specified in Schedule G, each executory contract or unexpired lease included therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is included thereon.

The Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments, letter agreements, master service agreements, indemnification agreements, award letters, ancillary agreement, and confidentiality agreements, which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission, concession, or stipulation that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, the inclusion of an agreement in Schedule G does not constitute an admission, concession, or stipulation that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.

**Specific Notes Regarding Statements**

a. **Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case**. Statements Question 3 includes payments made in the 90 days preceding August 23, 2026. However, the Debtors' response to Statements Question 3 does not include the following: (a) payments made by the Debtors to Horizon Technology Finance Corporation ("Horizon") immediately prior to the Petition Date pursuant to that certain *Memorandum of Understanding (MOU)*, effective as of August 5, 2026, between Horizon and 80 Acres (the "Horizon MOU"); (b) $50,000 paid by 80 Acres into Debtors' counsel's trust account to be transferred to the chapter 7 trustee, as set forth in the Horizon MOU; (c) payments under any settlements between the Debtors and PACA Vendors ("PACA Settlements") that were made between August 23, 2026 and the Petition Date;[3] and (d) $9,568.50 paid prior to the Petition Date associated with the procurement of a tail under the Debtors' employment practices insurance. Although reflected in the Debtors' Statements, prior to the Petition Date, the Debtors entered into and made final payments under the following PACA Settlements:

| PACA Vendor | Date | Amount |
|---|---|---|
| Ojai Farms Inc | 8/13/2026 | $36,000.00 |
| Salmiana LLC | 8/14/2026 | $200,000.00 |
| Brodasi DBA Dosner Organic Farms | 8/14/2026 | $312,406.00 |
| Dynasty Fresh International | 8/14/2026 | $500,000.00 |
| Mister Specialties LLC | 8/17/2026 | $465,000.00 |
| Vannini Farms Inc. | 8/17/2026 | $102,162.00 |
| Green Harvest Sales LLC | 8/17/2026 | $18,000.00 |
| Calalu LLC dba California Specialty Farms | 8/18/2026 | $45,000.00 |
| Mountain Spring Organics LLC | 8/18/2026 | $148,000.00 |
| Gourmet Xpress LLC | 8/18/2026 | $80,000.00 |
| B&W Quality Growers | 8/19/2026 | $7,000.00 |
| Taylors Herb Gardens | 8/19/2026 | $25,731.00 |
| Fresh Grown Farms LLC | 8/20/2026 | $27,172.75 |

[3] Specifically, on August 24, 2026, certain Debtors made PACA Settlement payments to Fresh Grown Farms: $29,553.92 from Lactuca Atlanta, LLC and $9,102.58 from Lactuca Denver, LLC.

b. **Question 4 – Payments or Transfers to Insiders**. Statements Question 4 may include payments to individuals who may have been insiders at the time they were employed by the Company but are no longer employed by the Company as of the Petition Date. Statements Question 4 does not include a payment made by 80 Acres shortly before the Petition Date to an Israeli non-Debtor affiliate of the Debtors in the amount of $64,000 to satisfy governmental obligations.

c. **Question 10 – All Losses from Fire, Theft, or Other Casualty**. The amount reflected in Debtor SG Assets, LLC's response to Statements Question 10 is the approximate amount received after deductions.

d. **Question 21 – Property Held for Another**. As noted above, prior to the Petition Date, the Debtors entered into the PACA Settlements with the PACA Vendors, which the Debtors believe satisfied all PACA Liabilities. However, to the extent there are any PACA Liabilities pending as of the Petition Date, PACA Vendors may assert that they are beneficiaries of a PACA Trust.

e. **Question 26(d) – Books, Records, and Financial Statements**. From time to time, the Debtors provide certain parties such as banks, auditors, potential investors, vendors, and financial advisors with financial statements. The Debtors do not maintain detailed records tracking such disclosures, and so such parties are not included in Statements Question 26.

f. **Question 27 – Inventories**. Certain Debtors have historically completed a full inventory, supervised by Ernst & Young, at year-end in connection with their annual audit. Any inventory value is reflected in such audit, rather than the Debtors' books and records.

**Fill in this information to identify the case:**

Debtor name: Trellis Loop Florence I, LLC

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 26-11338 (BLS)

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

1. **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 01/01/2026 (MM / DD / YYYY) | to | Filing date | ☑ Operating a business ☐ Other | $7,192,769.70 |
| **For prior year:** | From | 01/01/2025 (MM / DD / YYYY) | to | 12/31/2025 (MM / DD / YYYY) | ☑ Operating a business ☐ Other | $9,896,855.61 |
| **For the year before that:** | From | 01/01/2024 (MM / DD / YYYY) | to | 12/31/2024 (MM / DD / YYYY) | ☑ Operating a business ☐ Other | $11,634,303.00 |

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | MM / DD / YYYY | to | Filing date | See Exhibit P1, Q2 | $ |
| **For prior year:** | From | MM / DD / YYYY | to | MM / DD / YYYY | | $ |
| **For the year before that:** | From | MM / DD / YYYY | to | MM / DD / YYYY | | $ |

Debtor Trellis Loop Florence I, LLC — Case number (if known) 26-11338 (BLS)

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | See Exhibit P2, Q3 (Creditor's name); Street; City, State, ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 3.2. | Creditor's name; Street; City, State, ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See Exhibit P2, Q4 (Insider's name); Street; City, State, ZIP Code<br>**Relationship to debtor** | | $ | |
| 4.2. | Insider's name; Street; City, State, ZIP Code<br>**Relationship to debtor** | | $ | |

Debtor Trellis Loop Florence I, LLC Case number (if known) 26-11338 (BLS)
Name

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. Creditor's name; Street; City State ZIP Code | | | $ |
| 5.2. Creditor's name; Street; City State ZIP Code | | | $ |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name; Street; City State ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | $ |

**Part 3: Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. Case number | | Name; Street; City State ZIP Code | ☐ Pending ☐ On appeal ☐ Concluded |
| 7.2. Case title; Case number | | Court or agency's name and address: Name; Street; City State ZIP Code | ☐ Pending ☐ On appeal ☐ Concluded |

Debtor Trellis Loop Florence I, LLC
Name
Case number (*if known*) 26-11338 (BLS)

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| Custodian's name<br>Street<br>City State ZIP Code | | $ |
| | **Case title** | **Court name and address** |
| | | Name<br>Street<br>City State ZIP Code |
| | **Case number** | |
| | **Date of order or assignment** | |

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1. | Recipient's name<br>Street<br>City State ZIP Code<br>**Recipient's relationship to debtor** | | | $ |
| 9.2. | Recipient's name<br>Street<br>City State ZIP Code<br>**Recipient's relationship to debtor** | | | $ |

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

Debtor Trellis Loop Florence I, LLC Case number (*if known*) 26-11338 (BLS)

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | ______ Address: Street, City, State, ZIP Code; Email or website address; Who made the payment, if not debtor? | | | $ |
| 11.2. | ______ Address: Street, City, State, ZIP Code; Email or website address; Who made the payment, if not debtor? | | | $ |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| Trustee | | | $ |

Debtor Trellis Loop Florence I, LLC
Name
Case number (*if known*) 26-11338 (BLS)

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | ______<br>**Address**<br>Street<br>City State ZIP Code<br>**Relationship to debtor**<br>______ | | | $______ |
| 13.2. | **Who received transfer?**<br>______<br>**Address**<br>Street<br>City State ZIP Code<br>**Relationship to debtor**<br>______ | | | $______ |

**Part 7: Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | Street<br>City State ZIP Code | From ______ To ______ |
| 14.2. | Street<br>City State ZIP Code | From ______ To ______ |

Debtor Trellis Loop Florence I, LLC
Name

Case number (*if known*) 26-11338 (BLS)

**Part 8: Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1. | Facility name<br>Street<br>City State ZIP Code | | |
| | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?**<br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2. | Facility name<br>Street<br>City State ZIP Code | | |
| | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?**<br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

**Part 9: Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. ______

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| ______ | EIN: __ __ – __ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

Debtor Trellis Loop Florence I, LLC
Name

Case number (if known) 26-11338 (BLS)

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | See Exhibit P10, Q18<br>Name<br>Street<br>City State ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other______ | | $ |
| 18.2. | Name<br>Street<br>City State ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other______ | | $ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Address | | ☐ No<br>☐ Yes |

Debtor Trellis Loop Florence I, LLC Case number (*if known*) 26-11338 (BLS)
Name

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | | | $ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| Case number | Name<br>Street<br>City State ZIP Code | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br>City State ZIP Code | Name<br>Street<br>City State ZIP Code | | |

Debtor Trellis Loop Florence I, LLC
Name

Case number (if known) 26-11338 (BLS)

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name<br>Street<br><br>City State ZIP Code | Name<br>Street<br><br>City State ZIP Code | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Name<br>Street<br><br>City State ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _______ To _______ |
| 25.2. | Name<br>Street<br><br>City State ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _______ To _______ |
| 25.3. | Name<br>Street<br><br>City State ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br>From _______ To _______ |

Debtor Trellis Loop Florence I, LLC Case number (*if known*) 26-11338 (BLS)

Name

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

❑ None

| Name and address | Dates of service |
|---|---|
| 26a.1. See Exhibit P13, Q26a<br>Name<br>Street<br>City State ZIP Code | From _______ To _______ |
| 26a.2. Name<br>Street<br>City State ZIP Code | From _______ To _______ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

❑ None

| Name and address | Dates of service |
|---|---|
| 26b.1. See Exhibit P13, Q26b<br>Name<br>Street<br>City State ZIP Code | From _______ To _______ |
| 26b.2. Name<br>Street<br>City State ZIP Code | From _______ To _______ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

❑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. See Exhibit P13, Q26c<br>Name<br>Street<br>City State ZIP Code | |

Debtor Trellis Loop Florence I, LLC Case number (if known) 26-11338 (BLS)

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. Name: ____ Street: ____ City ____ State ____ ZIP Code ____ | ____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1. Name: ____ Street: ____ City ____ State ____ ZIP Code ____ |

| Name and address |
|---|
| 26d.2. Name: ____ Street: ____ City ____ State ____ ZIP Code ____ |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| See Exhibit P13, Q27 | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. Name: ____ Street: ____ City ____ State ____ ZIP Code ____ |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

**Name and address of the person who has possession of inventory records**

27.2. ______
Name
______
Street
______
______
City State ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Exhibit P13, Q28 | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | From ____ To ____ |
| | | | From ____ To ____ |
| | | | From ____ To ____ |
| | | | From ____ To ____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. See Exhibit P2, Q4 | | | |

Name
______
Street
______
______
City State ZIP Code

**Relationship to debtor**

______

Debtor Trellis Loop Florence I, LLC Case number (if known) 26-11338 (BLS)
Name

**Name and address of recipient**

30.2 ______
Name
______
Street
______
______
City State ZIP Code

**Relationship to debtor**
______

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
- ☐ No
- ☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| See Exhibit P13, Q31 | EIN: __ __ – __ __ __ __ __ __ __ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
- ☑ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ __ |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/26/2026
MM / DD / YYYY

✘ /s/ John Edward Lynch III
Signature of individual signing on behalf of the debtor

Printed name John Edward Lynch III

Position or relationship to debtor Chief Financial Officer / Treasurer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
- ☐ No
- ☑ Yes

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P1, Q2 - OTHER INCOME

| | From | To | Description | Gross Revenue ($) |
|---|---|---|---|---|
| 2.1 | 01/01/2024 | 12/31/2024 | Other Revenue | 8,354.49 |
| 2.2 | 01/01/2025 | 12/31/2025 | Other Revenue | 1,733.07 |
| 2.3 | 01/01/2026 | 06/30/2026 | Other Revenue | 651.54 |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P2, Q3 - PAYMENTS TO CREDITORS WITHIN 90 DAYS

| | Creditor's name and address | Dates | Amount ($) | Reason for payment or transfer |
|---|---|---|---|---|
| 3.1 | Air Gas | 05/28/2026 | 20.10 | Suppliers or Vendors |
| | | 06/04/2026 | 2,035.20 | Suppliers or Vendors |
| | | 06/11/2026 | 5,325.98 | Suppliers or Vendors |
| | | 07/10/2026 | 12,720.01 | Suppliers or Vendors |
| | **TOTAL FOR AIR GAS** | | **20,101.29** | |
| 3.2 | Belmark Inc | 06/04/2026 | 6,584.80 | Suppliers or Vendors |
| | | 06/11/2026 | 33,062.74 | Suppliers or Vendors |
| | | 06/18/2026 | 20,956.73 | Suppliers or Vendors |
| | | 06/25/2026 | 25,384.49 | Suppliers or Vendors |
| | | 07/02/2026 | 19,599.42 | Suppliers or Vendors |
| | | 07/10/2026 | 5,574.91 | Suppliers or Vendors |
| | **TOTAL FOR BELMARK INC** | | **111,163.09** | |
| 3.3 | Blue Ridge Bank | 06/01/2026 | 628,725.18 | Secured Debt |
| | **TOTAL FOR BLUE RIDGE BANK** | | **628,725.18** | |
| 3.4 | Caruso | 05/28/2026 | 10,500.00 | Suppliers or Vendors |
| | | 06/04/2026 | 5,450.00 | Suppliers or Vendors |
| | **TOTAL FOR CARUSO** | | **15,950.00** | |
| 3.5 | Castellini Company, LLC | 05/28/2026 | 24,723.40 | Suppliers or Vendors |
| | | 06/04/2026 | 16,863.50 | Suppliers or Vendors |
| | | 06/11/2026 | 8,725.70 | Suppliers or Vendors |
| | | 06/18/2026 | 8,899.20 | Suppliers or Vendors |
| | | 07/10/2026 | 4,690.00 | Suppliers or Vendors |
| | | 07/17/2026 | 15,446.20 | Suppliers or Vendors |
| | | 07/24/2026 | 23,287.60 | Suppliers or Vendors |
| | **TOTAL FOR CASTELLINI COMPANY, LLC** | | **102,635.60** | |
| 3.6 | Comdata | 05/28/2026 | 1,600.00 | Services |
| | | 06/04/2026 | 1,600.00 | Services |
| | | 06/11/2026 | 1,600.00 | Services |
| | | 06/18/2026 | 1,600.00 | Services |
| | | 06/25/2026 | 3,200.00 | Services |
| | | 07/10/2026 | 1,600.00 | Services |
| | | 07/17/2026 | 1,600.00 | Services |
| | **TOTAL FOR COMDATA** | | **12,800.00** | |
| 3.7 | DeBra-Kuempel | 05/28/2026 | 6,631.75 | Suppliers or Vendors |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P2, Q3 - PAYMENTS TO CREDITORS WITHIN 90 DAYS

| | Creditor's name and address | Dates | Amount ($) | Reason for payment or transfer |
|---|---|---|---|---|
| | | 06/11/2026 | 50,000.00 | Suppliers or Vendors |
| | **TOTAL FOR DEBRA-KUEMPEL** | | **56,631.75** | |
| 3.8 | Duke energy TLF | 06/08/2026 | 289,188.67 | Services |
| | | 07/08/2026 | 100,000.00 | Services |
| | | 07/13/2026 | 195,626.62 | Services |
| | **TOTAL FOR DUKE ENERGY TLF** | | **584,815.29** | |
| 3.9 | EasyPak, LLC | 05/28/2026 | 24,128.58 | Suppliers or Vendors |
| | **TOTAL FOR EASYPAK, LLC** | | **24,128.58** | |
| 3.10 | Griffin Greenhouse Supplies | 05/28/2026 | 7,439.34 | Suppliers or Vendors |
| | | 06/11/2026 | 1,654.46 | Suppliers or Vendors |
| | **TOTAL FOR GRIFFIN GREENHOUSE SUPPLIES** | | **9,093.80** | |
| 3.11 | Jiffy | 05/28/2026 | 14,554.20 | Suppliers or Vendors |
| | **TOTAL FOR JIFFY** | | **14,554.20** | |
| 3.12 | Motus Freight, LLC | 05/28/2026 | 9,344.00 | Suppliers or Vendors |
| | | 06/04/2026 | 2,145.00 | Suppliers or Vendors |
| | | 06/18/2026 | 797.50 | Suppliers or Vendors |
| | | 06/25/2026 | 8,097.36 | Suppliers or Vendors |
| | | 07/02/2026 | 6,562.19 | Suppliers or Vendors |
| | | 07/10/2026 | 4,303.00 | Suppliers or Vendors |
| | | 07/17/2026 | 5,871.67 | Suppliers or Vendors |
| | | 07/24/2026 | 4,385.00 | Suppliers or Vendors |
| | **TOTAL FOR MOTUS FREIGHT, LLC** | | **41,505.72** | |
| 3.13 | Ohio Valley Electrical Services Inc | 06/04/2026 | 14,000.00 | Services |
| | **TOTAL FOR OHIO VALLEY ELECTRICAL SERVICES INC** | | **14,000.00** | |
| 3.14 | Placon Corporation | 07/13/2026 | 40,123.26 | Suppliers or Vendors |
| | **TOTAL FOR PLACON CORPORATION** | | **40,123.26** | |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P2, Q3 - PAYMENTS TO CREDITORS WITHIN 90 DAYS

| | Creditor's name and address | Dates | Amount ($) | Reason for payment or transfer |
|---|---|---|---|---|
| 3.15 | Pratt (Jet Corr) Inc. | 05/28/2026 | 6,812.70 | Suppliers or Vendors |
| | | 06/04/2026 | 26,682.09 | Suppliers or Vendors |
| | | 06/25/2026 | 6,480.14 | Suppliers or Vendors |
| | | 07/02/2026 | 7,977.60 | Suppliers or Vendors |
| | | 07/27/2026 | 23,243.72 | Suppliers or Vendors |
| | **TOTAL FOR PRATT (JET CORR) INC.** | | **71,196.25** | |
| 3.16 | Quick Plug Canada | 06/11/2026 | 68,437.00 | Suppliers or Vendors |
| | | 07/02/2026 | 34,596.00 | Suppliers or Vendors |
| | **TOTAL FOR QUICK PLUG CANADA** | | **103,033.00** | |
| 3.17 | RWI Logistics LLC | 05/28/2026 | 3,563.33 | Suppliers or Vendors |
| | | 06/11/2026 | 7,500.00 | Suppliers or Vendors |
| | | 06/25/2026 | 10,337.50 | Suppliers or Vendors |
| | | 07/02/2026 | 3,500.00 | Suppliers or Vendors |
| | | 08/04/2026 | 13,250.00 | Suppliers or Vendors |
| | **TOTAL FOR RWI LOGISTICS LLC** | | **38,150.83** | |
| 3.18 | Superior Environmental Solutions, LLC | 06/04/2026 | 15,038.08 | Suppliers or Vendors |
| | **TOTAL FOR SUPERIOR ENVIRONMENTAL SOLUTIONS, LLC** | | **15,038.08** | |
| 3.19 | The Job Center, LLC | 05/28/2026 | 34,647.05 | Services |
| | | 06/04/2026 | 14,703.19 | Services |
| | | 06/11/2026 | 18,968.50 | Services |
| | | 06/25/2026 | 16,642.03 | Services |
| | | 07/02/2026 | 19,173.67 | Services |
| | **TOTAL FOR THE JOB CENTER, LLC** | | **104,134.44** | |
| 3.20 | TTA USA | 05/28/2026 | 13,998.71 | Suppliers or Vendors |
| | **TOTAL FOR TTA USA** | | **13,998.71** | |
| 3.21 | Vegbed LLC/Albert Lin | 05/28/2026 | 47,340.00 | Suppliers or Vendors |
| | **TOTAL FOR VEGBED LLC/ALBERT LIN** | | **47,340.00** | |
| | **GRAND TOTAL** | | **2,069,119.07** | |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P2, Q4 - PAYMENTS TO INSIDERS WITHIN 1 YEAR

| | Insider name and address | Relationship | Dates | Amount ($) | Reason |
|---|---|---|---|---|---|
| 4.1 | 80 Acres Florence LLC | Debtor Affiliate | 09/22/2025 | 250,000.00 | Intercompany |
| | 345 High Street, 7th Floor, Hamilton, OH 45011 | | 12/31/2025 | 375,000.00 | Intercompany |
| | **TOTAL FOR 80 ACRES FLORENCE LLC** | | | **625,000.00** | |
| 4.2 | 80 Acres Urban Agriculture, Inc. | Debtor Affiliate | 08/11/2025 | 20,000.00 | Intercompany |
| | 345 High Street, 7th Floor, Hamilton, OH 45011 | | 09/22/2025 | 17,000.00 | Intercompany |
| | | | 12/09/2025 | 10,000.00 | Intercompany |
| | | | 03/05/2026 | 8,200.00 | Intercompany |
| | | | 07/22/2026 | 80.00 | Intercompany |
| | | | 08/05/2026 | 25,000.00 | Intercompany |
| | **TOTAL FOR 80 ACRES URBAN AGRICULTURE, INC.** | | | **80,280.00** | |
| | **GRAND TOTAL** | | | **705,280.00** | |

Debtor: Trellis Loop Florence I, LLC

Case No. 26-11338 (BLS)

# EXHIBIT P10, Q18 - CLOSED FINANCIAL ACCOUNTS

| | Institution | Address | Account Type | Last 4 | Date Closed | Balance ($) |
|---|---|---|---|---|---|---|
| 18.1 | Blue Ridge Bank | | Checking | x6054 | 01/01/2026 | 0.00 |
| | | | | | **Total** | **0.00** |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P13, Q26a - ACCOUNTANTS & BOOKKEEPERS

| | Name | Address | From | To |
|---|---|---|---|---|
| 26a.1 | John Edward Lynch III | 345 High Street, 7th Floor, Hamilton, OH 45011 | 09/02/2022 | Present |

Debtor: Trellis Loop Florence I, LLC
Case No. 26-11338 (BLS)

# EXHIBIT P13, Q26b - AUDITORS

| | Name | Address | From | To |
|---|---|---|---|---|
| 26b.1 | Ernst & Young LLP | 222 East 4th Street, Suite 2900, Cincinnati, OH 45202 | 01/01/2023 | Current |

Debtor: Trellis Loop Florence I, LLC | Case No. 26-11338 (BLS)

# EXHIBIT P13, Q26c - POSSESSION OF BOOKS/RECORDS

| | Name | Address | If Records Not Available, Reason |
|---|---|---|---|
| 26c.1 | John Edward Lynch III | 345 High Street, 7th Floor, Hamilton, OH 45011 | |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P13, Q27 - INVENTORIES OF PROPERTY

| | Supervisor | Date | Amount ($) | Possessor | Possessor Address |
|---|---|---|---|---|---|
| 27.1 | Ernst & Young LLP | 12/31/2024 | Undetermined | | 222 East 4th Street, Suite 2900, Cincinnati, OH 45202 |
| | | **Total** | **Undetermined** | | |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P13, Q28 - CURRENT D&O'S/CONTROLLING SHAREHOLDERS

| | Name and Address | Position and nature of any interest | % Interest |
|---|---|---|---|
| 28.1 | 80 Acres Urban Agriculture, Inc.<br>345 High Street, Floor 7, Hamilton, Ohio, 45011 | Controlling Entity | |
| 28.2 | Boris Zelkind<br>345 High Street, Floor 7, Hamilton, Ohio, 45011 | Secretary | |
| 28.3 | John Edward Lynch III<br>345 High Street, Floor 7, Hamilton, Ohio, 45011 | Treasurer | |
| 28.4 | Mike Zelkind<br>345 High Street, Floor 7, Hamilton, Ohio, 45011 | President | |
| 28.5 | Patricia Colleen Livingston<br>345 High Street, Floor 7, Hamilton, Ohio, 45011 | Vice President | |

Debtor: Trellis Loop Florence I, LLC Case No. 26-11338 (BLS)

# EXHIBIT P13, Q31 - TAX CONSOLIDATION GROUP

| | Parent Corporation | EIN |
|---|---|---|
| 31.1 | 80 Acres Urban Agriculture, Inc. | 83-3394582 |